

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA

| | |
|---|---|
| SARAH GUMBAYAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LOCKHART, MORRIS, AND<br>MONTGOMERY INC.,<br><br>　　　　　Defendant. | Case No:<br>3:25-CV-179-HES-MCR<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL:**<br><br>1. 15 U.S.C. § 1681b(f)<br><br>2. Invasion of Privacy-<br>　 Intrusion Upon Seclusion |

## INTRODUCTION

1. This is a civil action for actual, punitive, statutory damages and cost brought by Sarah Gumbayan, hereinafter, ("Plaintiff") an individual consumer, against defendant, Lockhart, Morris, and Montgomery Inc., hereinafter ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

This action is brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., a statute enacted by Congees to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. Central to this lawsuit is interpretation and application 15 U.S.C. § 1681b, which delineates the permissible purposes.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendant transacts business in Orange Park, Florida.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff, Sarah Gumbayan, is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c), residing in Orange Park, Florida.

5. Upon information and belief, Lockhart, Morris, and Montgomery Inc. is a Texas corporation. Lockhart, Morris, and Montgomery Inc. accepts service of process through its registered agent:

   Ronald Martin
   1401 N. Central Expressway Suite 225
   Richardson, Tx. 75080

6. Lockhart, Morris, and Montgomery Inc. is a "person" as defined by 15 U.S.C. § 1681a(b).

//

//

## FACTUAL ALLEGATIONS

7. On or about January 16, 2025, Plaintiff obtained her consumer report from TransUnion.

8. In the report, plaintiff observed an unauthorized inquiry from Defendant on September 5, 2023 (See Exhibit A).

9. On January 24, 2025 Plaintiff filed a formal complaint with the Consumer Finance Protection Bureau (CFPB) against Defendant, Lockhart, Morris, and Montgomery Inc. regarding unauthorized inquiries into Plaintiff's credit report.

10. In the complaint, Plaintiff demanded that Defendant provide professional of its alleged permissible purpose for accessing Plaintiff's credit report.

11. Specifically, Plaintiff requested that Defendant furnish any documentation that would establish defendant's right to access Plaintiff's credit report, including but not limited to a valid assignment of an account belonging to Plaintiff; or "Account" as defined by the FCRA associated with Plaintiff. (See Exhibit B).

12. Despite this demand, Defendant has failed to produce any such documentation which would give them a reason to believe they had a permissible purpose to access Plaintiff's consumer report.

13. Defendant did not have a permissible purpose to access Plaintiff's credit report under the Fair Credit Reporting Act (FCRA) 15 § 1681b.

14. Defendant, Lockhart, Morris, and Montgomery Inc., willfully violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f), by accessing Plaintiff's credit report without a permissible purpose.

15. Defendant's actions were not the result of a mere oversight or negligence but were undertaken with knowledge of reckless disregard for the requirements of the FCRA.

16. Defendant's conduct demonstrated a blatant disregard for Plaintiff's privacy rights and the protections afforded by the FCRA. By accessing Plaintiff's credit report without any legitimate reason, defendant showed a reckless indifference to the statutory requirements designed to protect consumers from unauthorized access.

17. Plaintiff has suffered a concrete and particularized injury due to Defendant's unauthorized access to Plaintiff's credit report. This unauthorized access invaded Plaintiff's privacy and caused significant distress and anxiety, thereby establishing tangible harm.

//

//

//

18. The injury suffered by Plaintiff is directly traceable to Defendant's actions. By pulling Plaintiff's credit report without a permissible purpose, Defendant directly caused the invasion of Plaintiff's privacy and the resulting distress.

19. The harm suffered by Plaintiff can be redressed by a favorable decision from this Court, Plaintiff seeks statutory damages, punitive damages, and costs under the Fair Credit Reporting Act (FCRA), which are remedies explicitly provided for by the statute to address such violations.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681b(f) DEFENDANT LOCKHART, MORRIS, AND MONTGOMERY INC.

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by obtaining the Plaintiff's Experian consumer report without a permissible purpose on September 5, 2023.

22. Defendant, Lockhart, Morris, and Montgomery Inc., does not have nor had an account and/or credit transaction initiated by plaintiff involving an account, thereby failing to establish a permissible purpose for accessing Plaintiff's consumer report.

//

//

23. Defendant, Lockhart, Morris, and Montgomery Inc., was aware or should have been aware that their obligations under the FCRA to access consumer reports only for permissible purposes.

24. Despite this knowledge, Defendant, Lockhart, Morris, and Montgomery Inc., intentionally or recklessly disregarded their obligations under the FCRA and did not verify the purported debt or taken other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

25. Defendant, Lockhart, Morris, and Montgomery Inc., actions were not isolated but part of a pattern or practice, further demonstrating willfulness.

26. As a direct result of Defendant, Lockhart, Morris, and Montgomery Inc.'s, violation of 15 U.S.C. § 1681b(f) Plaintiff has suffered actual damages of invasion of privacy and, is entitled to actual statutory damages, as provided by 15 U.S.C. § 1681n(a)(1)(B).

## COUNT 2: INVASION OF PRIVACY (INTRUSTION UPON SECLUSION) DEFENDANT LOCKHART, MORRIS, AND MONTGOMERY INC.

27. Plaintiff incorporates by reference paragraphs 1 through 19 as fully set forth herein.

28. Defendant, Lockhart, Morris, and Montgomery Inc., intentionally intruded upon the seclusion and private affairs of Plaintiff by accessing Plaintiff's consumer report on September 5, 2023, without a permissible purpose or Plaintiff's authorization.

29. The unauthorized access to Plaintiff's consumer report constitutes an intrusion upon Plaintiff's solitude or seclusion, as it invaded a private aspect of Plaintiff's life in a manner that is highly offensive to a reasonable person.

30. Plaintiff had a reasonable expectation of privacy in the information contained within her consumer report, including sensitive financial and credit-related data.

31. Defendant's actions were intentional, reckless, or grossly negligent, as evidenced by their failure to confirm a permissible purpose before accessing Plaintiff's consumer report.

32. Defendant's conduct demonstrated a pattern of disregard for consumer privacy rights, further exacerbating the harm suffered by Plaintiff.

33. As a direct and proximate result of Defendant's unauthorized access to Plaintiff's consumer report, Plaintiff has suffered significant emotional distress, anxiety, and mental anguish.

34. Plaintiff is entitled to recover actual damages, including for emotional distress, punitive damages, and any other relief deemed appropriate by this Court.

//

//

//

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sarah Gumbayan, respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendant for:

A. Actual damages, statutory damages, and potentially punitive damages for violations of 15U.S.C.§ 1681b(f), as provided by 15 U.S.C.§1681n(a)(1)(B).

B. Actual and punitive damages for Invasion of Privacy (Intrusion upon Seclusion).

RESPECTFULLY SUBMITTED,

Dated: February 21, 2025

Sarah Gumbayan
3227 Wandering Oaks Dr.
Orange Park, Fl, 32065
Email: sarah.gumbayan@gmail.com